Federal Natl. Mtge. Assn. v Mack (2020 NY Slip Op 06246)





Federal Natl. Mtge. Assn. v Mack


2020 NY Slip Op 06246


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-09025
 (Index No. 25389/08)

[*1]Federal National Mortgage Association, appellant,
v
George Mack, respondent, et al., defendants.


Leopold & Associates, PLLC, Armonk, NY (Fernando C. Rivera-Maissonet and Erin E. Wietecha of counsel), for appellant.
Young Law Group, PLLC, Bohemia, NY (Justin F. Pane of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated May 18, 2017. The order denied the plaintiff's motion to vacate an order of the same court dated August 6, 2013, sua sponte, directing dismissal of the action pursuant to CPLR 3215(c) as abandoned, and to restore the action to the trial calendar.
ORDERED that the order is affirmed, with costs.
In September 2008, the plaintiff commenced this action to foreclose a mortgage encumbering property located in Brooklyn, securing a note in the original amount of $360,000, against, among others, the defendant George Mack (hereinafter the defendant). The matter was referred to the Foreclosure Settlement Conference Part (hereinafter FSCP) and released therefrom on January 6, 2012. A status conference was held on August 6, 2013, since no action had been taken on this matter since its release from the FSCP, but the plaintiff failed to appear. In an order dated August 6, 2013, the Supreme Court, sua sponte, directed dismissal of this action as abandoned pursuant to CPLR 3215(c) due to the plaintiff's failure to proceed with entry of judgment within one year of the defendant's default (hereinafter the order of dismissal). The defendant served the plaintiff with the order of dismissal with notice of entry on May 29, 2015.
On or about November 8, 2016, the plaintiff, represented by new counsel, moved to vacate the order of dismissal, arguing, inter alia, that its delay in entering a default judgment against the defendant was excusable based on prior counsel's failure to file an attorney affirmation in accordance with Administrative Order 548-10, which was later supplanted by Administrative Order 431-11, and the transfer of the file from prior counsel to current counsel. The Supreme Court denied the plaintiff's motion to vacate the order of dismissal, finding that the motion was untimely and that the plaintiff failed to provide a reasonable excuse for its failure to timely move to vacate the order of dismissal.
A court may relieve a party from an order on the basis of "excusable default, if such motion is made within one year after service of a copy of the . . . order with written notice of its entry [*2]upon the moving party" (CPLR 5015[a][1]). "However, relief from a default pursuant to CPLR 5015(a)(1) is proper only where the party seeking relief demonstrates a reasonable excuse for the default and a potentially meritorious defense" (Torres v Rely On Us, Inc., 165 AD3d 731, 732). Here, the plaintiff's motion to vacate pursuant to CPLR 5015(a)(1) based upon an excusable default was untimely because it was not made within one year after service upon it of a copy of the order of dismissal with notice of entry (see CPLR 5015[a][1]; Progressive Cas. Ins. Co. v Excel Prods., Inc., 171 AD3d 812).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court